UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Sep 01, 2020

| | |
|---|---|
| IN RE:<br><br>KRAMER, ROBERT BRETT,<br><br>Debtor. | Case No. 19-12014-R<br>Chapter 7 |
| ROBERT BRETT KRAMER,<br><br>Plaintiff,<br><br>v.<br><br>TRAK-1 TECHNOLOGY, INC.<br>and PREMIER STAFFING<br>SERVICES, LLC,<br><br>Defendants. | Adv. No. 19-1054-R |

ORDER DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment and Brief in Support (Adv. Doc. 19); Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support and Plaintiff's Cross-Motion for Summary Judgment and Brief in Support (Adv. Doc. 20); Defendants' Reply in Support of Motion for Summary Judgment and Response to Plaintiff's Cross-Motion for Summary Judgment (Adv. Doc. 23); and Plaintiff's Reply to Defendants' Response to Plaintiff's Cross Motion for Summary Judgment (Adv. Doc. 24). On June 22, 2020, this matter was fully briefed and taken under advisement.

I. **Jurisdiction**

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a) and (b)(2)(B), (b)(2)(K), and (b)(2)(O), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

II. **Summary judgment standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law."[1] A fact is "'material' if under the substantive law it is essential to the proper disposition of the claim."[2] An issue is "'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[3] "[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[4] Reasonable inferences that may be made from the record should be drawn in favor of the non-moving party.[5]

III. **Positions of the parties**

Plaintiff/Debtor Robert Brett Kramer ("Kramer") filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 30, 2019. On November 4, 2019, Kramer

---

[1]   Fed. R. Civ. P. 56(a), made applicable to this proceeding by Bankruptcy Rule 7056.

[2]   Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

[3]   Id., 144 F.3d at 670, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[4]   Anderson, 477 U.S. at 249.

[5]   See Adler, 144 F.3d at 670.

commenced this adversary proceeding. Kramer seeks to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A) that he claims impairs his interest in exempt homestead property located at 1390 East 26th Street, Tulsa, Oklahoma ("Property"). Kramer has occupied the Property as his homestead since purchasing it in February 2019.

In March 2019, a monetary judgment ("Judgment") was entered by the Tulsa County District Court against Kramer and in favor of Trak-1 Technology, Inc. and Premier Staffing Services, LLC, Defendants herein (the "Companies"). The Companies recorded a statement of judgment in the land records of the Tulsa County Clerk which, under Oklahoma law, created a lien in the amount of the Judgment on all property Kramer owned in Tulsa County. The Companies agree with Kramer that the lien created by recording the Judgment is a "judicial lien" avoidable by Section 522(f). They allege, however, that in July 2019 the Companies acquired an equitable interest in the Property by virtue of a state court order that imposed an equitable lien and constructive trust (collectively "Constructive Trust") on the Property ("Constructive Trust Order") as a remedy for a fraudulent transfer claim the Companies asserted against Kramer. Specifically, they alleged that Kramer used non-exempt assets (cash realized from liquidating securities) to purchase the Property as his homestead in order to prevent the Companies from seizing those non-exempt assets to apply against the Judgment.

The Companies contend that, as a matter of law, the Constructive Trust imposed by the state court is not a "judicial lien" avoidable under Section 522(f). They argue that because the Constructive Trust Order conveyed all equitable interest in the Property to the Companies as of the date of the alleged "wrongdoing" – *i.e.*, when Kramer purchased the

Property in February 2019 – Kramer never acquired an interest in the Property that he could claim as exempt homestead. In addition, the Companies contend that under 11 U.S.C. § 541(d), the equitable interest in the Property is not property of Kramer's bankruptcy estate.

Kramer argues that it is necessary to consider the pleadings and proceedings leading up to the state court's Constructive Trust Order to learn whether the state court actually conveyed the Property to the Companies, leaving Kramer in possession of the Property as their trustee (as the Companies contend), or whether the Constructive Trust Order instead granted the Companies a security interest in the Property to ensure payment of the Judgment. Kramer contends that because the Companies did not demand, and the state court did not take evidence or make findings to support, the imposition of an actual constructive trust under state law, the Constructive Trust is not a true trust but rather is a security interest that may be foreclosed to collect the Judgment. Kramer argues that any security interest imposed by a court to aid in the enforcement of a judgment is a "judicial lien" under the Bankruptcy Code.

IV.   **Discussion**

The ultimate issue set up by the summary judgment pleadings is whether the Constructive Trust imposed by the state court is an equitable interest in the Property or whether it is a security interest created by the state court, *i.e.*, a "judicial lien." In their summary judgment pleadings, however, the parties dispute the validity, nature, and effect of the Constructive Trust Order. This dispute, a mixed question of fact and law, is sufficient to preclude this Court from declaring as a matter of law that the Companies' alleged equitable interest is superior to Kramer's alleged homestead interest.

More importantly, however, Kramer's appeal of both the Judgment and the Constructive Trust Order is pending, and the automatic stay has been modified to allow the appeal to proceed.[6] Kramer appeals, among other things, the validity of the underlying Judgment, the sufficiency of evidence supporting the Judgment, the legal basis for the Judgment, and the state court's finding of a fraudulent transfer and imposition of a constructive trust.[7] Because it is possible that the Constructive Trust Order and/or the underlying Judgment could be reversed, vacated, modified or remanded, the Companies' alleged equitable ownership of the Property is in genuine dispute.[8]

## V. Conclusion

The facts asserted by the Companies in support of their argument that the Constructive Trust is not an avoidable "judicial lien" are not settled or final. Kramer's position that the Constructive Trust Order did not convey an equitable interest in the Property to the Companies, but instead created a security interest, is similarly dependent upon factual and legal issues before the appellate court. Accordingly, neither party is entitled to judgment as a matter of law and the motions are denied.

---

[6] See Main Case Doc. 70.

[7] See Amended Petition in Error filed in Oklahoma Supreme Court Case 117857 on July 29, 2019, admitted as Debtor's Exhibit 5 at hearing held on January 29, 2020 on the Companies' Motion to Dismiss Case.

[8] As the Court noted in its Order Denying Motion to Dismiss Case (Main Case Doc. 55), because the Judgment and Constructive Trust Order are on appeal, they are not "final" in the sense of having preclusive effect in this Court. See id. at 14 n.50 and at 16 n.52.

Further, pending the resolution of the appeal, the Court concludes that this adversary proceeding should be stayed[9] and the status quo with respect to the Property should be maintained to preserve both parties' alleged interests in the Property.[10]  Pending further order of this Court, the Companies are enjoined from enforcing the Judgment or Constructive Trust Order against the Property, or otherwise interfering with Kramer's possession and enjoyment thereof.  Likewise, pending further order of the Court, Kramer is enjoined from selling, conveying, mortgaging or otherwise transferring or encumbering the Property, or allowing the Property to be encumbered by tax, mechanic's, materialmen's or other liens, without the Companies' consent. Kramer shall keep the Property in good

---

[9]     In their reply brief, the Companies suggest that this Court abstain from deciding the nature and validity of the Constructive Trust Order under 28 U.S.C. § 1334(c)(1). Although Kramer contends that the abstention request is untimely, the Court agrees with the Companies that Oklahoma courts are best suited to resolve all the state law issues currently on appeal.  When the issues relevant to this matter are finally resolved in state court, the Court will, upon application by either party, order a scheduling conference and set deadlines for resuming this adversary proceeding.

[10]    This Court possesses exclusive jurisdiction over the Property until the Court determines that it was not property of the debtor when the case was commenced or that it is not property of the estate.  See 28 U.S.C. § 1334(e)(1) (district court in which a bankruptcy case is pending has exclusive jurisdiction over "all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate"), § 157(a) (district court may refer bankruptcy cases and proceedings to bankruptcy judges), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma (referral of bankruptcy cases and proceedings to bankruptcy judges). Maintaining the status quo pending the resolution of state law issues that affect the Court's determination of bankruptcy issues, *i.e.*, whether the Property is property of the estate under Section 541 and/or whether the Companies have a judicial lien on the Property that is avoidable under Section 522(f), is a necessary and appropriate exercise of this Court's jurisdiction over the Property.

condition, maintain adequate hazard insurance on the Property, and designate the Companies as an additional loss payees.

**SO ORDERED** this 1st day of September, 2020.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT